

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 16, 1960

Hon. Dean Martin
County Attorney
Grayson County
Sherman, Texas

Opinion No. WW-812

Re: Whether theaters are subject
to occupation taxes by the
State or a county thereof.

Dear Mr. Martin:

We quote from your opinion request as follows:

"I am writing you concerning occupation taxes
on theaters. Section 22A of article 7047 of the
Revised Civil Statutes of the State of Texas, per-
tains to the levying of occupation taxes against
theaters. This act as originally written seems to
have been passed in 1930 by the 41st Legislature,
5th called session. Thereafter there were some
amendments added to article 7047. In the new
pcket parts of the Revised Civil Statutes of the
State of Texas, which pertains to such article
7047, there is this statement 'This article as
amended, except subdivision 46, is repealed by
acts 1959, 56th Legislature, 3rd called session,
page 187, Chapter 1, Section 7. effective Septem-
ber 1, 1959'. Also, I have been furnished with a
green colored special pamphlet called 'New Title
122A' which pertains to general taxation, which is
apparently the very latest law on taxation and I
do not find any mention of any occupation taxes
levied against theaters.

"My question therefore is, are occupation taxes
to be assessed against the owners of theaters in
the State of Texas. The Grayson County Tax Assessor-
Collector has received some letters from agents of
theater owners who state that it is there ⎾ sic. ⏌
interpretation that occupation taxes are no longer
assessed and collectible as against theaters. From
a reading of the law and a statement made in the new
pocket part, it is my conclusion that there are no
occupation taxes collectible by the county and state
as against theaters.

"I would assume that if article 7047 has been
repealed to the extent that occupation taxes are no

longer collectible by the county and state that likewise the city and school authorities would have no basis for assessing or collecting occupation taxes against theaters."

Section 22A of Article 7047, V.A.C.S., was repealed by Sec. 7, H.B. 11, 3rd C.S., 56th Leg. (Eff. September 1, 1959). Therefore, at this time there is no State occupation tax imposed on theaters. Article VIII, Section 1, of the Texas Constitution, provides that the occupation tax levied by any city, county or town for any one year upon any profession or business shall not exceed one half of the tax levied by the State for the same period on the same profession or business. Since the State imposes no occupation tax on theaters, it is obvious that the various counties, cities and towns have no authority to impose such a tax.

School districts may impose only such taxes as are authorized by the Texas Constitution or Legislature. See Article VII, Secs. 3, 3A. The Constitution contains no direct authority for the imposition of an occupation tax upon theaters by a school district, and the Legislature has not provided such authority. Therefore, a school district may not impose an occupation tax on theaters.

### SUMMARY

No authority exists for the imposition of an occupation tax upon theaters by the State of Texas, or any county, city, town or school district thereof.

Very truly yours,

WILL WILSON
Attorney General

By Jack N. Price
Jack N. Price
Assistant

JNP:bct

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman

C. Dean Davis
John L. Estes
Robert A. Rowland
Bob Eric Shannon

REVIEWED FOR THE ATTORNEY GENERAL
By: Leonard Passmore